UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ROSS I. MCLELLAN<br><br>Defendant. | Civil Action No. 16-cv-10874-DPW |

**ASSENTED-TO MOTION FOR ISSUANCE OF A LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE IN CIVIL AND COMMERCIAL MATTERS**

Now comes the defendant Ross McLellan, by and through undersigned counsel, and hereby respectfully moves this Honorable Court for the issuance of the attached two Letter of Request for International Judicial Assistance pursuant to The Hague Convention on the Taking of Evidence in Civil and Commercial Matters, requesting assistance from the United Kingdom to obtain testimonial evidence from Simone Paul and Krystyna Beck, both residents of the U.K.

**I.   BACKGROUND**

When large institutional investors decide to reallocate their portfolios, such as by selling some components and replacing them with others, they cannot, because of the immense volume of the trades involved—often running to many millions and even billions of dollars— simply sell their holdings in a single transaction, as such huge sales would send the price of the assets plummeting. Instead, they require the services of a transition manager to manage the sale of designated investments and the purchase of the designated replacement investments in a fashion structured to minimize the cost of the transition to the investor client. *See* Dkt. 1 at 2. Between

February 2010 and September 2011, Mr. McLellan was the Global Head of the Portfolio Solutions Group ("PSG") at State Street Corporation, which as part of its multiple business lines, offered transition management services to pension funds and investment managers around the world. *See Id.* at 1-2. The transitions at issue – all of which were conducted for European or Middle Eastern funds – were managed by the PSG Europe, Middle East, and Africa group ("EMEA"). PSG's EMEA offices were located in London and co-headed by State Street Employee A. As the Head of PSG, Mr. McLellan supervised State Street Employee A, who then directly supervised State Street Employee B, another PSG EMEA employee. *See Id.* The Securities and Exchange Commission ("SEC") alleges that Mr. McLellan and other State Street employees, including State Street Employees A and B, engaged in a scheme to "defraud State Street Transition Management clients by charging undisclosed and unauthorized mark-ups on trading in U.S. and European securities." Dkt. 1 at 1. Specifically, the SEC alleges that Mr. McLellan and "State Street Co-Schemers created and deployed" a scheme to defraud six EMEA transition management clients by (1) misrepresenting State Street's charges in connection with the transitions at issue; (2) by overseeing and engaging in the practice of secretly charging markups above the agreed upon fees; and (3) by concealing false and misleading statements. *See Id.* at 2-3.

The heart of Mr. McLellan's defense will be that he acted in good faith, believing his actions at all times to be lawful, proper, within the terms of the applicable transition management contracts, and authorized by the State Street hierarchy, including its UK legal department. *See S.E.C. v. Caserta*, 75 F.Supp.2d 79, 94 (E.D.N.Y. 1999) ("Good faith reliance on the advice of an accountant or an attorney has been recognized as a viable defense to scienter in securities fraud cases."). At all times relevant to the Complaint, Simone Paul was the Vice President and

2

Senior Legal Counsel for State Street UK and Krystyna Beck was the Managing Counsel for State Street UK.  In their capacities as legal representatives of State Street UK, both Ms. Paul and Ms. Beck dealt with legal issues concerning the PSG EMEA group, including issues that directly involved some of the six transition management clients alleged in the Complaint.  At least on one occasion, both Ms. Paul and Ms. Beck reviewed legal agreements that governed the transitions at issue.  Before one of the "Middle Eastern Sovereign Wealth Fund" transitions, Ms. Paul and Ms. Beck were both tasked with determining whether a State Street affiliate could act as a riskless principal and benefit from an undisclosed markup during the transition. *See* SS1_00497888.  Ms. Paul and Ms. Beck were part of the team of attorneys that ultimately allowed a State Street affiliate to charge undisclosed markups in connection with the "Middle Eastern Sovereign Wealth Fund" transition.  *See* SS2_00000107.  Additionally, Ms. Paul and Ms. Beck are believed to have had relevant conversations with State Street Employee A regarding their review of relevant contracts and whether State Street could charge undisclosed markups.   Upon information and belief, Ms. Paul and Ms. Beck approved of State Street Employee A's interpretation of the contractual language in the transition management agreements and approved State Street Employee A's use of undisclosed markups.  Mr. McLellan was included on email chains involving Ms. Paul and Ms. Beck's contractual review and was additionally kept apprised of their conclusions by State Street Employee A.  Thus, Ms. Paul and Ms. Beck's testimony is relevant and essential to Mr. McLellan's understanding of what was permitted under the relevant contracts and authorized by State Street's legal team.

## II. THE HAGUE CONVENTION IS AN APPROPRIATE VEHICLE FOR FOREIGN EVIDENCE REQUESTS AND TAKING DEPOSITIONS IN A FOREIGN COUNTRY.

Federal Rule of Civil Procedure 28(b) expressly provides that "[d]epositions may be taken in a foreign country (1) pursuant to any applicable treaty or convention, or (2) pursuant to a letter of request (whether or not captioned a letter rogatory) . . . ." Fed. R. Civ. P. 28(b). Furthermore, Federal Rule of Civil Procedure 34(c) and 45(b)(3), and 28 U.S.C. § 1783 allow the Court to issue a subpoena for information or documents in the possession of foreign individuals when the acquisition of such information is in the interest of justice and it is not available through any other manner.

Since 1972, the United States has been a party to The Hague Convention on Taking Evidence Abroad in Civil or Commercial Matters, T.I.A.S. 7444, 23 U.S.T. 2555 ("Convention"), which is in force between the United States and the United Kingdom. The Convention sets out procedures for judicial authorities of one signatory country to use in requesting evidence located in another signatory country. *Societe Nationale Industrielle Aerospatiale v. United States District Court for the Southern District of Iowa*, 482 U.S. 522, 538, 541 (1987). A letter of request pursuant to the Convention is the only means by which a non-party witness residing abroad may be compelled to testify in a federal action. *Elliott Assocs., L.P. v. Republic of Peru*, No. 96 Civ. 7917 (RWS), 1997 U.S. Dist. LEXIS 11185, *5 (S.D.N.Y. July 30, 1997).

Ms. Paul and Ms. Beck are not a party to this action and both reside abroad in the United Kingdom. Furthermore, both non-party witnesses have refused to sit for a voluntary deposition. Since, their testimony is not available through other means and the acquisition of their testimony

is in the interest of justice, *i.e.* essential to the defense, a Letter of Request pursuant to the Convention is required.

Accordingly, Mr. McLellan respectfully requests that the Court issue the two attached Letter of Request.

## LOCAL RULE 116.3(f) STATEMENT

Plaintiff Securities & Exchange Commission does not object to this application, but reserves the right to object to specific questions posed to Ms. Paul or Ms. Beck, including any questions relating to attorney-client privileged communications.

>
> Respectfully Submitted,
> Ross I. McLellan
> By his Attorney,
>
> **/s/ Martin G. Weinberg**
> Martin G. Weinberg, Esq.
> Mass. Bar No. 51948
> 20 Park Plaza, Suite 1000
> Boston, MA  02116
>  (617) 227-3700
> owlmgw@att.net

Dated: March 16, 2017

## CERTIFICATE OF SERVICE

I, Martin G. Weinberg, hereby certify that on this date, March 16, 2017, a copy of the foregoing documents has been served via Electronic Court Filing system on all registered participants.

>
> **/s/ Martin G. Weinberg**
> Martin G. Weinberg